UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDELL LEE STRONG,

                    Petitioner,

vs.                         Case No.  2:05-cv-578-FtM-29DNF
                                         2:01-cr-68-FTM-29DNF

UNITED STATES OF AMERICA,

                    Respondent.

_____/

**OPINION AND ORDER**

_____This matter comes before the Court on petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to U.S.C. Section 2255 (Doc. #1) and Memorandum (Doc. #2), both filed on December 1, 2005.  Also before the Court is the United States' Motion to Dismiss 28 U.S.C. § 2255 Motion (Doc. #10), filed on April 5, 2006, to which petitioner has not responded.

**I.**

Petitioner was indicted (Cr. Doc. #3) on August 22, 2001, for conspiracy to distribute cocaine base, crack cocaine, and two substantive counts of distribution of cocaine base, crack cocaine. (Id.)  Petitioner signed a Plea Agreement (Cr. Doc. #19) on October 23, 2001, and agreed to plead guilty to the two substantive counts. Petitioner plead guilty on October 26, 2001, and was sentenced on February 4, 2002, to 188 months imprisonment, to be followed by 48

months supervised release. (Cr. Doc. #49.)  Judgment was filed on February 5, 2002.   (Cr. Doc. #51.)   Petitioner did not file a direct appeal.

On December 1, 2005, petitioner filed the instant § 2255 motion alleging: (1) The one-year state of limitations for filing his 2255 motion should be equitably tolled because his visual impairment and the lack of accommodations for vision-impaired inmates prevented him from filing the petition in a timely manner; (2) his defense counsel was ineffective in failing to object to petitioner's career offender status at sentencing on the basis that one of his prior convictions resulted from his actions as a seventeen year old minor; and (3) his sentence is unconstitutional under Blakely[1] because the prior convictions used to arrive at his career offender status where neither proven by the United States nor admitted by him.  The government's motion to dismiss argues that petitioner has not met the heavy burden required to establish equitable tolling.  (Doc. #10, p.4.)

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996, petitioner had one year from any of four events to file his § 2255 petition.  "The limitations period runs from the latest of:

---

[1]Blakely v. Washington, 542 U.S. 296 (2004).

(1) the date on which the conviction becomes final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right giving rise to the motion was recognized by the Supreme Court; or (4) the date on which evidence is newly discovered that gives rise to the motion." Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001). The only event at issue in this case is the date petitioner's conviction became final.

Because petitioner did not file a direct appeal, his conviction became final ten days after the February 5, 2002 judgment. Mederos v. United States, 218 F.3d 1252 (11th Cir. 2000). Because of intervening weekends and a legal holiday, petitioner's conviction became final on February 20, 2002, and his petition was due no later than February 20, 2003. Giving petitioner the benefit of the "mailbox rule," Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), his § 2255 motion is deemed filed on November 28, 2005, when he signed and gave it to prison officials for mailing.

Petitioner admits that his motion "appears to have been filed (2) two years and (9) nine months after the one-year grace period . . ." (Doc. #2, p. 4.) Petitioner argues, however, that his 2255 motion is not time barred because he has been legally blind since

-3-

August 5, 1996, and the library facilities at Coleman Correctional Institution do not accommodate visually impaired inmates. Petitioner further asserts that he unsuccessfully spent the last two years trying to contact agencies that would assist him. It was not until July 14, 2005, when a friend became an inmate at Coleman, that petitioner had the assistance needed to file the § 2255 motion.

Equitable tolling principles are well settled in the Eleventh Circuit. "We have held that equitable tolling is appropriate when a prisoner's § 2255 petition is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). See also Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000), cert. denied, 531 U.S. 971 (2000). "We have emphasized, however, that equitable tolling applies only in truly extraordinary circumstances. Appellant bears the burden of establishing that he is entitled to this extraordinary relief." Johnson, 340 F.3d at 1226 (citations omitted).

Accepting petitioner's factual statements as accurate, the Court finds that petitioner has failed to satisfy this standard and

therefore no evidentiary hearing is necessary.  Petitioner by his own admission did not take steps to find assistance until "the past (2) years" from November 28, 2005.  (Cv. Doc. #2, p. 5.)  Thus, petitioner did not begin to perform due diligence until after the one year period had already expired.  Additionally, the lack of adequate facilities at the prison is not a basis for equitable tolling.  <u>Helton v. Sec'y for Dep't Of Corr.</u>, 259 F.3d 1310, 1313015 (11th Cir. 2001).  Petitioner has shown far less than was found insufficient to establish equitable tolling for the legally blind petitioner in <u>United States v. Brittain</u>, 41 Fed. Appx. 246 (10th Cir. 2002).  The Court finds that the statute of limitations was not equitably tolled, and the petition must be dismissed as untimely.

Accordingly, it is now

**ORDERED**:

1.   Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to U.S.C. Section 2255 (Doc. #1) is **DISMISSED** as untimely.

2.   The United States' Motion to Dismiss 28 U.S.C. § 2255 Motion (Doc. #10) is **GRANTED.**

3.   The Clerk of the Court shall enter judgment accordingly and close the civil file.

4.   The Clerk of the Court shall also file a copy of this Opinion and Order in the associated criminal case.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of July, 2007.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record